UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0059-WTL-MJD |
| | ) | |
| MICHAEL A. COOK, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable William T. Lawrence, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on January 25, 2018, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on February 26, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 26, 2018, defendant Michael A. Cook appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by James Warden, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Brent Witter, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Cook of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Cook questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Cook and his counsel, who informed the court they had reviewed the Petition and that Mr. Cook understood the violations alleged. Mr. Cook waived further reading of the Petition.

3. The court advised Mr. Cook of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Cook was advised of the rights he would have at a preliminary hearing. Mr. Cook stated that he wished to waive his right to a preliminary hearing.

4. Mr. Cook stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Cook executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Cook of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Cook, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>On January 2, 2018, Mr. Cook provided a urine specimen which confirmed positive for methamphetamine by Alere Labatory.<br><br>As previously reported to the Court, on June 10, 17, 23, July 4, 19, 22, August 11, 17, 20, 25, and September 2, 5, 2016, Mr. Cook provided urine specimens which tested "diluted."<br><br>As previously reported to the Court, on September 1, 8, and 26, 2017, Mr. Cook provided urine specimens which confirmed positive for methamphetamine by Alere Labatory. Beginning October 6, 2017, until October 12, 2017, a PharmChem sweat patch was applied on Mr. Cook for continued monitoring of drug use. The analysis of the sweat patch revealed a positive result for methamphetamine. |
| 2 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."**<br><br>On December 24, 2017, Mr. Cook failed to report for a scheduled drug screen.<br><br>On November 4, 11, December 30, 2017, and January 13, and 15, 2018, Mr. Cook was a "no show/no call" for his scheduled substance abuse treatment counseling group. He subsequently advised he was ill and unable to attend his counseling.<br><br>As previously reported to the Court, on June 16, July 6, 11, 13, 14, 26, 27, 28, 29, 30, 31, August 2, 4, 10, 14, 2016, Mr. Cook failed to report for scheduled substance abuse treatment counseling session. On October 23, 2017, Mr. Cook showed up late for group counseling and was not allowed to participate. He stated he thought the group began at 6:00 p.m. rather than 5:30 p.m. |

7. After ensuring that Mr. Cook's decision to waive his right to hearing and admit the violations was knowing and voluntary, the court placed Mr. Cook under oath and directly

inquired of Mr. Cook whether he admitted violations 1 and 2 of his supervised release set forth above. Mr. Cook admitted the violations as set forth above.

8. Government moved to dismiss violations 3, 4, and 5 and the same granted

9. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Cook's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of Mr. Cook's supervised release, therefore, is 12 - 18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of 12 months and 1 day with no supervised release to follow. Defendant requested placement at a facility closet to Indianapolis, Indiana with mental health treatment.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, MICHAEL A. COOK, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. The defendant is to be released pending the district court's action on this Report and Recommendation. The Magistrate Judge will recommend placement at a facility close to Indianapolis, Indiana with a mental health treatment program.

Counsel for the parties and Mr. Cook stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Cook entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Cook's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day, with no supervised release to follow. The defendant is to be released pending the district court's action on this Report and Recommendation. The Magistrate Judge will recommend placement at a facility close to Indianapolis, Indiana with a mental health treatment program.

IT IS SO RECOMMENDED.

Date: 3/5/2018

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal